OLIVER P. RANNEY, RESPONDENT, v. SQUIRE A. WARREN, APPELLANT.

*False representations on the sale of a farm — action for damages — not maintainable while the purchase-money remains unpaid and secured by a mortgage thereon.*

The plaintiff was induced by the false representations of the defendant to purchase a farm for $18,000, for which he paid as follows: In cash $5,000; by assuming a mortgage $2,000; by giving back his own bond and mortgage $11,000; $1,000 had been paid by him on his bond and mortgage. The farm was actually worth $13,000; it would have been worth, if it had been as represented, $19,000.

*Held,* that as plaintiff could successfully defend to the extent of $6,000 (the damages sustained), an action brought to foreclose his mortgage, he was not entitled to recover that amount in an action at law brought to recover damages for the fraudulent representations of the defendant.

That while he continued to owe more than $6,000 of the purchase-price he had not as yet sustained any damage.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the justice before whom the action was tried.

The complaint alleged that the plaintiff about April, 1874, purchased a farm from the defendant for $18,000, paid and secured as follows: $5,000 in cash; $2,000 by assuming a mortgage already on the farm; $11,000 by plaintiff's bond, secured by mortgage thereon, payable in annual installments of $1,000 each; and that he has paid the first installment, payable December 1, 1874, of $1,000. It alleged false and fraudulent representa-

tions made by defendant to induce plaintiff to purchase, and alleged damages to the amount of $10,000. It asked judgment that the bond and mortgage be declared void, and be canceled and given up to plaintiff; that an injunction issue to restrain the transfer of the bond and mortgage, and that plaintiff recover $10,000 damages and costs. It does not aver any other damage, except that the farm was worth only $12,000, and would have been worth $20,000 if it had been as represented. The answer does not deny the purchase, or its terms, but specifically denies the alleged fraud. The action was commenced in March, 1876. The case states that when the cause came on for trial the court inquired of the plaintiff's counsel if he claimed to recover damages, as in an action at law, or equitable relief; to which he replied that he claimed to recover damages as in an action at law; that both kinds of relief were prayed for in the complaint; that he regarded the action as an action at law, and for legal relief, and insisted upon trying it as such. The defendant's counsel said that he was fully prepared to try the cause either way, and had no objections to trying it in the way suggested by plaintiff's counsel.

A jury was impanneled and evidence given. At the close of the case five questions were, with consent of the court and agreement of parties, submitted to the jury. Briefly they were: First. Did the defendant make the representations, etc.? Second. Did plaintiff rely on them, etc.? Third. Were they untrue, etc.? Fourth. What was the actual value of the farm, as it was when it was purchased? Fifth. What would it have been worth, at that time, if it had been as represented? The jury answered the first three in the affirmative; the fourth, $13,000; the fifth, $19,000.

Thereupon, by consent of parties, on application by the plaintiff's attorney, the court settled the verdict. This settlement states the facts above set forth as found, and concludes: "Upon these facts the jury leave the judgment to the court." Thereupon the court ordered judgment for the plaintiff for $6,000. There was no general verdict.

*Tanner & Potter*, for the appellant.

*R. C. Betts*, for the respondent.

LEARNED, P. J. :

Under the old practice this would have been an action in equity ; the demand for damages being incidental. (Story Eq., § 794, *et seq.*) Under the present practice this action does not come under section 968, New Code. It was therefore triable by the court. (Section 969.) Because the complaint demanded, and alleged grounds for, a surrender and cancellation of the bonds. For this reason, when the cause was before this court the first time, we held that the complaint had been improperly dismissed. Though there might be no actual damages, yet the plaintiff, on proper proof, might have had a judgment for the cancellation of the bond. (20 S. C. N. Y., 11.)

On the present trial it appears that the plaintiff claimed to recover damages as in an action at law. So it is not altogether plain whether this is to be considered an action for damages, with a special verdict under section 1187, New Code ; or an action for specific relief, with a submission of certain questions, to a jury, under section 791. The statement of the plaintiff's counsel; the language of the verdict, leaving the judgment to the court, and the judgment rendered thereon for a recovery in money, all indicate that the plaintiff treated this as an action at law, in which he has had a special verdict.

In that view we must take the facts admitted by the pleadings and those found by the verdict; and see whether they authorized the judgment. We cannot look beyond these facts. According to these the plaintiff still owes $10,000 on his purchase. The fraud practiced on him made his purchase worth $6,000 less to him than he was induced to believe it was worth. With that deduction he still owes $4,000. We are unable to see how these facts sustain a recovery for damages. The plaintiff's counsel properly says that fraud, accompanied with damage, gives a right of action. But fraud which has not caused damage does not. The facts found by the jury show that the plaintiff can successfully defend any action upon his bond of $10,000, to the extent at least of $6,000. The obligation which he has given is not negotiable. The holder of the obligation could recover on it only $4,000 on the facts found by the jury. The plaintiff has a farm worth $13,000, subject to a prior mortgage of $2,000, which

makes its value to him $11,000. For this he has paid only $6,000. What damage has he suffered ?

Possibly a case might be supposed where a purchaser would suffer damages by the purchase, owing to peculiar circumstances, even before he had paid any of the purchase-money. But such is not this case. The alleged damage here consists only in agreeing to pay more than the farm was worth. If we could go beyond the special verdict we should find evidence in the case that, since the commencement of the action, the defendant by foreclosure and sale, has collected on the plaintiff's bond the sum of $5,000. But even if this fact had been found by the jury, still we could not see that the plaintiff had been damnified to the extent of $6,000. For he would still be indebted to the defendant on the bond $5,000, and therefore the utmost damage which he would have suffered would be $1,000. It must be kept in mind that this action is not brought to set aside the whole transaction on the ground of fraud, and thus to restore both parties to their original position. But the plaintiff, while retaining whatever he acquired by the bargain, seeks to be compensated for the actual damage which he has suffered. Nor is this view of the matter changed by the neglect of the plaintiff to make payments on the bond, and by the consequent foreclosure of the premises and the sale of them to the defendant. The fact that the plaintiff, as it would seem, may have thus lost by the foreclosure what he had already paid on the premises has nothing to do with the question of damages by the fraud. Although we may suspect that it seemed to the jury to furnish a ground for, and a measure of, the damages which they awarded.

Treating this case then as an action at law for damages (as the plaintiff's counsel insisted on treating it at the trial), and looking at the facts admitted by the pleadings and those found by the special verdict, we think the judgment was not warranted. If we might treat this as an equitable action, we might perhaps modify the judgment by adjudging the bond and mortgage to be canceled to the extent of $6,000. But we do not think that we can, on the present appeal, thus disregard the position taken by the plaintiff's counsel on the trial.

This view renders it unnecessary to examine the questions of

evidence. The judgment must be reversed, a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment and order reversed, new trial granted, costs to abide event.